### CRAGIN & *als. versus* TARR.

When goods have been obtained by false representations, it is allowable, in order to establish the fraudulent intent, to prove that false representations, *with the fraudulent intent,* were made by the same party about the same time to other persons.

TROVER for goods. The plaintiffs are merchants resident in Boston. In 1847, they let one Brown have the goods, and they now allege it to have been by fraudulent pretences that Brown obtained them, and that the defendant, with a knowledge of that fact, converted them to his own use.

The plaintiffs proved, among other things, that Brown, about

the time of obtaining the goods, made fraudulent representations to other traders in Boston, with a view to obtain goods, and that Tarr was present assenting to the same. It did not appear that Brown made any representations to the plaintiffs, otherwise than that one Foster, when introducing him, stated to the plaintiffs' salesman, in Brown's hearing, the representations which Brown and Tarr had made at another store.

The defendants contended, that no other persons were deceived by Brown's representations, and requested the court, SHEPLEY, C. J., to instruct the jury that, if the representations made to others did not deceive them, those representations could not be used as evidence against the defendants. This the court declined doing, but instructed the jury, that if there was a formed design, on the part of Brown, to get goods, by false and fraudulent representations, from any person from whom he might be able to obtain them, then, and not otherwise, the representations made to others, about the same time, might be used to show that they were so obtained from the plaintiffs ; and that, if the goods were obtained by the fraudulent representations, the plaintiffs might regard the goods as continuing to be their property.

The verdict was for the plaintiffs. To the instruction and the refusal to instruct, the defendant excepted.

*Bell,* for defendant.

The plaintiffs were not influenced by any representations of Brown. He made none to them of any kind.

The representations made to others had deceived nobody, and therefore ought not to have been admitted in evidence. No case in this State, it is believed, sanctions such admission. *McKinney* v. *Dingley,* 4 Greenl. 172, and *Hawes* v. *Dingley,* 17 Maine, 341, do not support it. In both those cases, goods had been obtained from others by the false representations allowed to be proved. And that fact was the reason why the proof was allowed.

*J. Appleton,* for plaintiffs.

TENNEY, J., orally. — The plaintiffs, in order to recover,

must show that in parting with the goods, they were influenced by false pretences, and that, in the making of such pretences, there was a fraudulent design. The objection urged by the defendant is, that fraudulent representations, made to traders, other than the plaintiffs, were allowed to be proved. The objection is not well founded.

When the false representations have been successful, the fraudulent intent may be proved from other sources. Among the sorts of evidence, tending to that effect, is the proof that the same party, about the same time, made use of false representations to others, with the fraudulent intent. This is in full accordance with decided cases in this and in other States.

*Exceptions overruled.*